FILED at ___ O'clock & ___ min. ___ M

NOV 2 2 2006

United States Bankruptcy Court
Columbia, South Carolina (26)

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 05-14920-JW |
| Johnny Storay and Patricia Storay, | Chapter 7 |
| Debtors. | **JUDGMENT** |

Based on the Findings of Fact and Conclusions of Law made in the attached Order of the Court, Johnny Storay's and Patricia Storay's (the "Storays") motion for the disgorgement of attorney's fees is granted pursuant to §§ 105 and 329. Blaine T. Edwards ("Edwards") shall disgorge the sum of $1,739.00 to the Storays within ten (10) days from the entry of the Order. Notwithstanding any further order of the Court expunging this case from the record, the Storays shall be entitled to enroll this Judgment as a judgment against Edwards in the State of South Carolina or any other jurisdiction, pursuant to applicable law. The Order and Judgment shall be transferred by the Clerk of Court to a miscellaneous proceeding and remain of record following the expungement of this case. The Storays' motion to expunge this case shall be granted by separate order. The hearing on the Rule to Show Cause is continued until December 14, 2006 at 9:00 a.m. in the Donald Stewart Russell Federal Building, 201 Magnolia Street, Spartanburg, South Carolina.

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
November 22, 2006

ENTERED

NOV 2 2 2006

L. G. R.

FILED
at ___ O'clock & ___ min. ___ M
NOV 2 2 2006
United States Bankruptcy Court
Columbia, South Carolina (26)

ENTERED
NOV 2 2 2006
L. G. R.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 05-14920-JW |
|---|---|
| Johnny Storay and Patricia Storay, | Chapter 7 |
| Debtors. | ORDER |

This matter comes before the Court upon a *pro se* Motion to Disgorge Fees and Motion to Expunge Bankruptcy Case No. 05-14920 ("Motion") filed by Johnny Storay and Patricia Storay (the "Storays"). The Storays seek the return of attorney's fees paid to their attorney Blaine T. Edwards ("Edwards") and to expunge this bankruptcy case on grounds that Edwards provided incomplete service and that the Storays did not authorize Edwards to file this case on their behalf. As a result of the Motion, the Court issued a Rule to Show Cause ("Rule"), requiring Edwards to appear and show cause why sanctions should not be imposed including sanctions impeding his ability to gain reinstatement to practice before this Court.[1] The United States Trustee ("UST") filed a return to the Rule and requested that the Court further sanction Edwards. Edwards, the UST, and Mrs. Storay appeared at the hearing on the Motion and the Rule. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

The Storays' bankruptcy case was filed by Edwards on October 16, 2005 and dismissed November 29, 2005 for failure to file documents required by Title 11. This result is common to other cases filed Edwards on October 16, 2005. See In re Henderson, C/A No. 05-14925-W, slip op. at 15, fn 14 (Bankr. D.S.C. Oct. 4, 2006) (listing numerous cases filed by Edwards and dismissed for Edwards' failure to file schedules). Edwards consented to the Storays' request for

---

[1] As set forth in In re Henderson, Edwards has been indefinitely suspended from practicing before this Court and other courts within this District. See In re Henderson, C/A No. 05-14925-W, slip op. (Bankr. D.S.C. Oct. 24, 2006) (suspending Edwards and setting forth requirements for reinstatement).

disgorgement of fees. Edwards acknowledged that he failed to provide necessary services in the Storays' case. This acknowledgement is consistent with Mrs. Storay's testimony of the quality of Edwards' representation of the Storays. The Court finds, based upon the weight of the evidence, that Edwards failed to provide competent, diligent, and complete representation to the Storays and that the Storays are entitled to the return of the fees paid to Edwards pursuant to 11 U.S.C. §§ 105 and 329.[2] Therefore, the Motion is granted to the extent the Storays seek the return of attorney's fees paid to Edwards, which, from the evidence presented, the Court finds to be in the amount of $1,739.00. Edwards shall disgorge this sum to the Storays within ten (10) days from the entry of this Order. Notwithstanding any further order of the Court expunging this case from the record, the Storays shall be entitled to enroll this Order and corresponding Judgment as a judgment against Edwards in the State of South Carolina or any other jurisdiction, pursuant to applicable law. See 18 U.S.C. § 1962; S.C. Code Ann. § 15-35-810 (providing that a judgment entered in a federal court within South Carolina creates a lien against the judgment debtor's property once duly enrolled with the appropriate county authority). This Order and Judgment shall be transferred by the Clerk of Court to a miscellaneous proceeding and may remain of record in the event of any expungement of this case.

The Storays' also request that this case be expunged from the record. The Bankruptcy Code does not provide a clear method by which a case may be expunged. See Peter C. Alexander, IDENTITY THEFT AND BANKRUPTCY EXPUNGEMENT, 77 Am. Bankr. L.J. 409 (2004) (discussing expungement and suggesting methods by which debtors may be protected from unauthorized filings). The Court has identified three published cases addressing expungement of a bankruptcy case. See In re Whitener, 57 B.R. 707 (Bankr. E.D. Va. 1986) (relying of § 107 as

---

[2]    Further references to the Bankruptcy Code shall be made by section number only.

2

the authority to expunge a case and finding a debtor is not entitled to expunge a voluntary case even though debtor voluntarily satisfied all creditors after receiving a discharge); In re Buppelmann, 269 B.R. 341 (Bankr. M.D. Pa. 2001) (finding "expungement of bankruptcy cases appears to be a rare event exercised with the greatest of prudence by bankruptcy judges under the equitable powers implied under 11 U.S.C. § 105."); In re Cortez, 217 B.R. 538 (Bankr. S.D. Tex. 1997). In an unpublished case, this Court has previously expunged a case where the debtor did not authorize the filing of the petition. See In re Brock, C/A No. 04-08646-W, slip op. (Bankr. D.S.C. Oct. 13, 2004). See also, In re Reid, C/A No. 00-10033-W, slip op. (Bankr. D.S.C. Aug. 28, 2006) (refusing to expunge a case based upon a debtor's misgivings about filing for bankruptcy).

In this case, it appears that the Storays signed a blank petition after meeting with Edwards in 2004 to discuss the possibility of filing bankruptcy. The original petition is dated October 13, 2005;[3] however, Mrs. Storay testified that she did not meet with Edwards or his staff on October 13, 2005 and never authorized Edwards to file the petition. Although Edwards does not oppose the expungement of this case, he states that the Storays authorized him to file the petition and signed the petition on October 13, 2005. The Court agrees with Bupplemann in as much as it sets forth the general presumption that a signed petition indicates that the party filing the petition had the authority to do so. See Buppelmann, 269 B.R. at 342-343. However, the Storays rebutted this presumption by Mrs. Storay's credible and convincing testimony that they did not authorize Edwards to file the petition in this case. This finding is supported by the inconsistency between the actual petition and the electronic petition filed with the Court and other factors in

---

[3] The electronic petition is dated October 16, 2005. This inconsistency raises additional concerns about Edwards' practice as it indicates that he was not incompliance with this Court's guidelines for filing documents under Operating Order 04-11.

3

this case, including Edwards failure to meet requirements in the 37 cases filed within that timeframe. Based upon the weight of the evidence, the Court finds that cause exists to expunge this case pursuant to § 105. See Bupplemann, 269 B.R. at 341; In re Brock, slip op. 5-6 (expunging a debtor's case under § 105 and sealing the records in the case pursuant to § 107); In re Calloway, C/A No. 98-06247-B (Bankr. D.S.C. Dec. 20, 2002) (granting a motion to purge the record of the name of a co-debtor who did not authorize the filing of the petition pursuant to § 105(a)). The Court shall expunge this case by separate order.

UST raises additional issues regarding Edwards actions in this and other cases, including the veracity of the petitions filed by Edwards on October 16, 2005 and Edwards disposition of attorneys fees received in the numerous cases identified in In re Henderson, C/A No. 05-14925-W, slip op. at 15, fn 14 (Bankr. D.S.C. Oct. 4, 2006). Therefore, the Court continues the hearing on the Rule. The Rule shall be heard **December 14, 2006 at 9:00 a.m. in the Donald Stewart Russell Federal Building, 201 Magnolia Street, Spartanburg, South Carolina**. All aspects of the Rule remain in force and effect; however, pursuant to the agreement of Edwards and the UST, the Storays shall not be required to appear or participate further at the continued hearing on the Rule.

**AND IT IS SO ORDERED.**

_John Waites_
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
November 22, 2006

4